**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Maria Peet and James Holl** | : | |
| 431 E. Moyer Road | : | Case No.: _____ |
| Pottstown, P A 19464 | : | |
| *Plaintiffs* | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **Board of Supervisors of** | : | **JURY TRIAL DEMANDED** |
| **New Hanover Township** | : | |
| 2943 N. Charlotte Street | : | |
| Gilbertsville, PA 19525-9718 | : | |
| *Defendant* | : | |
| | : | |
| | : | |
| | : | |
| _____ | : | |

**CIVIL ACTION COMPLAINT**

Maria Peet and James Holl (together, the "Plaintiffs"), by and through their attorneys,

Gerald Chalphin and Drew S. Dorfman, hereby aver the following:

**PARTIES**

1. Plaintiff, Maria Peet ("Ms. Peet" or "Plaintiff") is an adult individual who resides at

431 E. Moyer Road, Pottstown, PA 19464.

2. Plaintiff, James Holl ("Mr. Holl" or "Plaintiff") is an adult individual who resides at

431 E. Moyer Road, Pottstown, PA 19464.

3. Defendant, the Board of Supervisors of Hanover Township (the "Board" or the

"Defendant"), is the governing body of New Hanover Township, a second-class township in

Montgomery County, Pennsylvania (the "Township") organized and existing pursuant to the

provisions of the Pennsylvania Second Class Township Code. The Township maintains its

offices at 2943 North Charlotte Street, Gilbertsville, PA 19525-9718.

## NATURE OF THE CASE

4. This is an action to obtain just compensation for the inverse or de facto condemnation of a significant part of real property in New Hanover Township, Montgomery County, Pennsylvania as more fully described hereafter (the "Premises") by the Township.

5. The Premises' street address is 431 Moyer Road, Pottstown, PA 19464, its Tax Assessment Parcel ID is 47-00-052045-00-5 and it is more fully and particularly described in metes and bounds as follows:

*ALL THAT CERTAIN lot or piece of ground Situate in the Township of New Hanover, County of Montgomery and State of Pennsylvania, bounded and described according to a Plan of Survey of David Meixner, Registered Surveyor, as follows, to wit:*

*BEGINNING at a point in the bed of Old Moyers Road at the intersection of the property line between lands now or late of Josiah Buchert and within described tract of ground and the Northeasterly side of New Moyers Road North 54 degrees 14 minutes West 30.42 feet to a point; thence along Lot No.8; North 35 degrees 46 minutes East 395.00 feet to an iron pin; thence along Plot "S" South 54 degrees 14 minutes East 111. 50 feet to an iron pin; thence along property of now or late Josiah Buchert South 47 degrees 22 minutes West, 403. 32 feet to a point and place of beginning*
*.*

*ALSO ALL THAT CERTAIN tract or parcel of land with buildings thereon erected, Situate in the Township of New Hanover, County of Montgomery and Commonwealth of Pennsylvania, bounded and described as follows:*

*BEGINNING at an iron pin on the North side of the public road known as Moyers Road at a distance of 724.8 feet South 53 degrees 53 minutes East from the point of beginning in the warranty deed Clyde W. Bannon and Sarah C. Bannon, his wife, to Willard S. Gilley and Jane C. Gilley, his wife, dated June 28, 1948 and recorded July 2, 1948, in the Recorders Office of Montgomery County, Pennsylvania in Deed Book 1930 page 100 running thence North 36 degrees 7 minutes East 250 feet to a poin1; thence South 53 degrees 53 minutes East 100 feet to a point; thence South 36 degrees 7 minutes West, 250 feet to a point in the North line of said Moyers Road, which point is also with the intersection which the said Road so called, makes with said Moyers Road; thence by the North line of said Moyers Road North 53 degrees 53 minutes West 100 feet to the place of beginning.*

*TOGETHER being House No. 431 Moyer Road.*

*BOTH BEING ASSESSMENT PARCEL NO. 47-00-052045-00-5*

## JURISDICTION AND VENUE

6. This action arises and seeks relief under the Takings Clause of the Fifth Amendment of the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C.S. § 1983.

7. Venue is proper in this Court because all the actions complained of took (and are taking) place in the Eastern District of Pennsylvania.

## MATERIAL FACTS

8. According to the last recorded deed to the Premises, which is dated June 19,2018, and was recorded on June 28, 2018, in Montgomery County, in Deed Book 6096 PG 00224 to 00228, Plaintiffs are the last owners of record of the Premises: A copy of that Deed is attached hereto as Exhibit A, which is incorporated herein by reference as if fully set forth at length.

9. A pathway crosses over the northwestern part of the Premises. This pathway is an extension of a road called Grandview Avenue.

10. The Township has historically treated that pathway as private property. Evidence of that historic treatment includes, but is not limited to, Township records that show the following:

(a) The Pennsylvania Department of Highways (predecessor to the current Pennsylvania Department of Transportation) ("PennDOT") <u>abandoned</u> the road now called Grandview Avenue on September 26, 1951 and offered it to the Township. At a public meeting on February 12, 1954, the Township's Supervisors adopted a resolution to <u>not</u> accept Grandview Avenue as a township road.[1] The applicable resolution reads in pertinent part as follows:

> "[The road] proposed to be abandoned as a state highway by the Secretary of Highways of the Commonwealth of Pennsylvania <u>shall **not** be accepted or taken</u> over by the said Board of Township Supervisors <u>to be maintained as a</u>

---

[1] The handwritten minutes of the February 12, 1954 meeting and the typewritten text of the resolution are attached hereto as Exhibit B and incorporated herein by reference as if fully set forth at length. The actual words were "…and such abandoned part <u>being unnecessary for public use and travel and likely to become burdensome and dangerous,</u>…" (Emphasis added.)

township road, and that the said part of said state highway shall be declared to be vacated by written order of the Secretary of Highways of the Commonwealth of Pennsylvania so that thereafter the part so vacated shall be closed to public use and travel and shall no longer be a public road". (Emphasis added.)

(b) On June 12, 2015, Kevin R. Tobias, the Township Manager, wrote[2] to Ms. Jean B. Finer, the former owner of the Premises and grantor to the Plaintiffs, as follows (in pertinent part):

The Township has considered our [sic] options and the most logical conclusion is to abandon the roadway as we have no legal obligation to maintain it, and will not maintain a private or partially private roadway when we are not allowed access. The township has in good faith maintained this section of roadway and been performing the property maintenance of this roadway for years, without having ever owned this roadway. (Emphasis added.)

11. PennDOT's current online public "Second Class Township Map" for the Township (revised as of 1-30-20), does not either show or even mention a "Grandview Avenue".[3] Similarly, PennDOT's 2020 General Highway Map for Montgomery County, PA shows (without naming it) Grandview Avenue as an "Other Road" and not a "Township Road".[4]

12. On or about December 14, 2018, without the Plaintiffs' permission and notwithstanding (and clearly in spite of) the statements made in the Tobias Letter and its other actions that are inconsistent with and do not support its claim that Grandview Avenue is a "public road", the Township covered the portion of Grandview Avenue that encroaches on the Premises with ground stone or a tailings-like material and widened on both sides the portion of Grandview Avenue that intersects with Moyer Road. The Township's actions also appear to have obliterated the "[p]roperty corner monumentation" referred to in the first of the surveys

---

[2] This letter is hereafter referred to as the "Tobias Letter". It is attached hereto as Exhibit C and is incorporated herein by reference as if fully set forth at length.
[3] In fact, there is not even a marking for or mention of a "Grandview Avenue" that corresponds to "Other Road" on this PennDOT map. A copy of this PennDOT map is attached hereto as Exhibit D and is incorporated herein by reference as if fully set forth at length.
[4] Copies of that map and the relevant portion are attached hereto as Exhibit E and is incorporated herein by reference as if fully set forth at length.

described in Paragraph 16 below.

13. The Township removed "No Thru Traffic" signs that previously were set up on Grandview Avenue.[5]

14. The actions described in Paragraphs 12 and 13 above have resulted in greater traffic flow by heavier trucks and buses moving at higher speeds than before on Grandview Avenue and the unpaved and structurally unsound portion of it that encroaches on the Premises.

15. The actions described in Paragraphs 12 through 14 above have (a) resulted in the creation of a dangerous condition as foreseen by PennDOT and the Township in 1954[6], (b) damaged portions of the Premises; and (c) created dust, dirt and noise that disturbs the Plaintiffs and interfered with their use, benefit and enjoyment of the Premises.

16. Two recent surveys, one of which was commissioned by and delivered to the Township's counsel, and each of which was conducted by a professional surveyor, clearly show the encroachment of the portion of Grandview Avenue that intersects with Moyer Road on the Premises. The first of these surveys was performed by All County and Associates, Inc. on or about April 1, 2015 (the "All County Survey"). A letter dated April 13, 2015 stated that "Property corner monumentation was found/set and verified in accordance with standard surveying procedures." On the All County Survey, the Premises' southeast "property corner" appears to be approximately 20-30 feet across the width of the claimed "public road". In other words, the claimed "public road" begins encroaching on the Premises approximately 80 feet east of the Premises' southeast corner and continues until it is encroaching approximately 20-30 feet.[7]

17. The second recent survey was conducted on or about August 28, 2019 by Boucher &

---

[5] These actions described in Paragraphs 12 and 13 are hereinafter referred to, collectively, as the "Township's Actions".
[6] See footnote 1 supra. and accompanying text.
[7] Copies of the All County Survey and the accompanying April 13, 2015 letter are attached hereto as Exhibit F.

James, Inc., consulting engineers. It was conducted pursuant to an Agreed-to-Order dated February 19, 2019 in Montgomery County Court of Common Pleas Civil Action 2019-01486, a previous, but related action, and was performed "to define and mark the boundaries and determine the parties' interests therein" and is addressed to the Township's counsel (the "Boucher Survey"). The Boucher Survey also shows the Grandview Avenue encroachment on the Premises' boundaries. It also specifically references a "Nail Found" along the Premises' southeast boundary line that is well within the confines of the claimed Grandview Avenue "public road".[8] However, the personnel who performed the Boucher Survey stated to the Plaintiffs that they were unable to locate the metal monument pin referred to in the All County Survey. The encroachment appears to begin approximately 80 feet east of the "Nail Found" and expands until it is approximately 50 feet wide at its end on Moyer Road.[9]

18. Nonetheless, and in spite of all of the foregoing, the Township recently asserted that Grandview Avenue is a "public road owned and maintained by [the Township]"[10.] As described above, this assertion is contrary to the Township's previous statements and previously published documents and other governmental records and documents. As such, that assertion and the Township's other actions described herein give rise to the claim asserted herein.

---

[8] The personnel who performed the Boucher Survey orally advised the Plaintiffs that they could not find the metal monument pin mentioned in the All County Survey. They said there was a water-filled pothole where the pin should have been located.
[9] A copy of the Boucher Survey is attached hereto as Exhibit G and it is incorporated herein by reference.
[10] See Paragraph 9 of the Township's Answer dated June 10, 2020 (the "Township's Answer") filed in Civil Action No. 2019-01908 in the Court of Common Pleas of Montgomery County, Pennsylvania. A copy of the relevant page of the Township's Answer is attached hereto as Exhibit H and is incorporated herein by reference.

**COUNT**

**ACTION FOR JUST COMPENSATION**

19. As described in the foregoing Paragraphs, the Township has engaged in actions and made statements that constitute and acknowledge the taking of the Plaintiffs' Premises for a governmental purpose.

20. Defendant Township has the power of eminent domain under the Pennsylvania Eminent Domain Code. However, and notwithstanding that power, the Township has not filed a declaration of taking for roadbuilding (or otherwise) with a view toward compensating the Plaintiffs for the taking of a portion of the Premises and/or the compensable injury suffered by the Plaintiffs.

21. Further, and again notwithstanding its power of eminent domain and its de facto condemnation of a substantial portion of the Premises for a public purpose (i.e., roadbuilding), the Township has not tendered any compensation to the Plaintiffs for the injury and damage to the Premises caused by the Township's actions as described herein.

22. A de facto or inverse condemnation occurs when an entity with the power of eminent domain causes a permanent trespass or continuous nuisance to occur.[11] As described above, both the approximately 80 feet long <u>actual</u> physical encroachment along the Premises' southeast boundary line that expands to a width of 20-30 feet at its end and the constant traffic, noise, noise, nuisance are occurring because of the Township's action. These actions have substantially deprived the Plaintiffs of the use, benefit and enjoyment of their property.

WHEREFORE, Plaintiffs pray:

(a) For damages from Defendant Township representing just compensation for the taking

---

[11] <u>In re Joshua Hill Inc.</u>, 199 B.R. 296, (E.D. Pa. 1996), aff'd. in part, rev. in part, 152 F.3d 1025.

of the Premises in violation of the Fifth Amendment to the United States Constitution and pursuant to Civil Rights Act of 1871, 42 U.S.C.S. § 1983.

(b) For the costs and reasonable attorney's fees of this action and for such other and further relief as this Court deems necessary or proper.

Dated: June 14, 2021

GERALD CHALPHIN

_____

and

DREW S. DORFMAN

_____
ATTORNEYS FOR PLAINTIFFS
MARIA PEET AND JAMES HOLL

EXHIBIT A

**DEED**

**Grantor(s): Jean B. Finer**

**TO**

**Grantee(s): Maria R. Peet and James P Holl**

**PREMISES:**

431 E. Moyer Road
Pottstown, PA 19464

**The address of the above named Grantee(s) is:**

431 E. Moyer Road
Pottstown, PA 19464

**Certified by**

EXHIBIT A

06/28/2018 09:44:37 AM                 DEED BK 6096   PG 00225                          MONTCO

Prepared & Return to:

Assured Settlement Services              MONTGOMERY COUNTY COMMISSIONERS REGISTRY
485 Devon Park Drive                     47-00-05204-00-5     NEW HANOVER TOWNSHIP
Suite 100                                431 MOYER RD
Wayne, PA 19087                          FINER JEAN B                          $15.00
                                         B 066  L  U 032  1101 06/28/2018          JU

File Number: ASSC-2292-OR

Parcel Number:  47-00-05204-00-5

# This Indenture Made this 19ᵗʰ day of June, 2018

## Between

Jean B. Finer
(hereinafter called the Grantor(s))

AND

Maria R. Peet and James P Holl
(hereinafter called the Grantee(s)),

**Witnesseth** That the said Grantor(s) for and in consideration of the sum of Two Hundred Ninety Nine Thousand Nine Hundred Dollars ($299,900.00) lawful money of the United States of America, unto them well and truly paid by the said Grantee(s) at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has/have granted, bargained and sold, released and confirmed, and by these presents does grant, bargain and sell, release and confirm unto the said Grantee(s), their heirs and assigns, as Joint Tenants with Right of Survivorship.

ALL THAT CERTAIN lot or piece of ground Situate in the Township of New Hanover, County of Montgomery and State of Pennsylvania, bounded and described according to a Plan of Survey of David Meixner, Registered Surveyor, as follows, to wit:

BEGINNING at a point in the bed of Old Moyers Road at the intersection of the property line between lands now or late of Josiah Buchert and within described tract of ground and the Northeasterly side of New Moyers Road North 54 degrees 14 minutes West 30.42 feet to a point; thence along Lot No. 8; North 35 degrees 46 minutes East 395.00 feet to an iron pin; thence along Plot "S" South 54 degrees 14 minutes East 111. 50 feet to an iron pin; thence along property of now or late Josiah Buchert South 47 degrees 22 minutes West, 403. 32 feet to a point and place of beginning.

ALSO ALL THAT CERTAIN tract or parcel of land with buildings thereon erected, Situate in the Township of New Hanover, County of Montgomery and Commonwealth of Pennsylvania, bounded and described as follows:

EXHIBIT A

BEGINNING at an iron pin on the North side of the public road known as Moyers Road at a distance of 724.8 feet South 53 degrees 53 minutes East from the point of beginning in the warranty deed Clyde W. Bannon and Sarah C. Bannon, his wife, to Willard S. Gilley and Jane C. Gilley, his wife, dated June 28, 1948 and recorded July 2, 1948, in the Recorders Office of Montgomery County, Pennsylvania in Deed Book 1930 page 100 running thence North 36 degrees 7 minutes East, 250 feet to a point; thence South 53 degrees 53 minutes East, 100 feet to a point; thence South 36 degrees 7 minutes West, 250 feet to a point in the North line of said Moyers Road, which point is also with the intersection which the Old Road so called, makes with said Moyers Road; thence by the North line of said Moyers Road North 53 degrees 53 minutes West 100 feet to the place of beginning.

TOGETHER being House No. 431 Moyer Road.

BOTH BEING ASSESSMENT PARCEL NO. 47-00-05204-00-5.

BOTH BEING the same premises which Jean E. Brown A/K/A Jean Brown-Finer, A/K/A Jean B. Finer, by Indenture bearing dated 04/22/1999 and recorded on 05/03/1999 in the Office of the Recorders of Deeds in and for the County of Montgomery in Deed Book No. 5269 page 1405, etc., granted and conveyed unto Jean B. Finer, her heirs and assigns, in fee.

EXHIBIT A

06/28/2018  09:44:37 AM                    DEED BK 6096         PG 00227                        MONTCO

**Together with** all and singular the buildings and improvements, ways, streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in anywise appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of it, the said Grantor(s), as well at law as in equity, of, in and to the same.

**To have and to hold** the said lot or piece of ground above described with the buildings and improvements thereon erected; with the hereditaments and premises hereby granted, or mentioned, and intended so to be, with the appurtenances, unto the said Grantee(s), their heirs and assigns to and for the only proper use and behoof of the said Grantee(s), their heirs and assigns, forever.

**And** the said Grantor(s), for her heirs, executors, administrators do by these presents, covenant, grant and agree, to and with the said Grantee(s), their heirs, and assigns, that he the said Grantor(s), her heirs, all and singular the Hereditaments and premises herein above described and granted, or mentioned and intended so to be with the Appurtenances unto the said Grantee(s), their heirs and assigns, against them the said Grantor(s), her heirs and against all and every Person or Persons whomsoever lawfully claiming or to claim the same or any part thereof, by from, or under him, them or any of them shall and will SUBJECT as aforesaid WARRANT and forever DEFEND.

**In Witness Whereof,** the said Grantor(s) has/have caused these presents to be duly executed dated the day and year first above written.

Sealed and Delivered
IN THE PRESENCE OF US

_____ (SEAL)
Jean B. Finer

Commonwealth of *Pennsylvania*  }ss:
County of *Montgomery*

ON THIS THE *19th* DAY OF *June 2018* before me *Lurena M. Rightmyer*, the undersigned officer, personally appeared *Jean B. Finer* known to me (or satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same for the purposes therein contained.

In Witness Whereof, I hereunto set my hand and official seal.

_____
Notary Public
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LURENA MARIE RIGHTMYER, Notary Public
Limerick Township, Montgomery County
My Commission Expires April 23, 2020

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
LURENA MARIE RIGHTMYER, Notary Public
Limerick Township, Montgomery County
My Commission Expires April 23, 2020

-12-



Exhibit B #1

Page No. 28

New Hanover Pa.
February 12 1954

The regular meeting of the Board of Supervisors was held this evening at Shenk's Hotel New Hanover. All members of the board being present. The minutes of the last meeting were read and approved as read. Motion on the following orders were granted out of the General Fund.

| No 1 | William O Hillegass Pay Roll | 228.40 |
| No 2 | L H Schmoyer Oil turpentine, Plaster & Lumber | 64.03 |
| No 3 | Carl D Reeves 2 Gradutires Labor & towing | 279.15 |
| No 4 | Mayer Pollock beams, Channels & Plate | 236.40 |
| No 5 | C F Barndt Chain Pline, Repair chain for truck | 23.61 |
| No 6 | William Reifsnyder Treasurer Bond | 30.00 |
| No 7 | Carl N Dumbrine Grader Repairs | 14.72 |
| No 8 | Metropolitan Edison Co. Current | 1.50 |
| No 9 | Pottstown Mercury Auditors report, Notice on Trailer House | 37.20 |
| No 10 | L A Swann Gas & oil | 36.65 |
| No 11 | William Leasholt, Express Charges Paid | 1.85 |
| | Expenses out of General Fund were | 953.51 |

The following orders were granted out of Light Fund.

| No 1 | H F Smith & Son 1 Binder, 1 pkg Slate, 2 boxes Reinforcements | 4.04 |
| No 2 | Metropolitan Edison Co. Dec 18. Dec 31. Dec 31-Jan 25 | 81.23 |
| | Expenses out of Light Fund | 85.27 |

The Treas. reported the following receipts in General Fund.

| Joseph M Swann Fines | Dec. | 120.00 |
| Joseph M Swann Fines | Jan. | 140.00 |
| W. Ivan Simpson Liens | | 50.61 |
| Farm Bureau Refund | | 5.43 |
| Weldon B Hepburn Liquor License Fund | | 700.00 |
| W. Ivan Simpson Liens | | 20.33 |
| | Total receipts | 1036.37 |

Page No.  29

New Hanover   Pa.

February 12,  1954

The Treas. reported the following receipts in State Fund.
Weldon B Heyburn   State Fund.        1645. 16.
                    Total receipts    1645. 16
The Treas. reported the following receipts in Light Fund.
Wm H Foming   Light Fund              150. 00 -

     Balance on hand in General Fund  4259. 55
        "     "    "    "  State      "  2636. 51
        "     "    "    "  light      "    64. 73
A Resolution was adopted, and on record in the Minute
Book of the Sec'y to vacate a part of the old road
4600 - 192.   The Sec'y was instructed by the Board of
Supervisors to Notify James Faust about a resolution,
adopted by the Board of Supervisors, not to operate
a junk yard.


     No other business to transact the Board Adjourned


                         Allen G Reyninger
                              Sec.

This resolution covers the portion of Moyer Road where a bend was removed, and not the section which junctions with Rt. 663 (Layfield Road)  per Allen G. Renninger, January 10, 1978.

*Exhibit B #2*

WHEREAS, the Department of Highways of the Commonwealth of Pennsylvania proposes to abandon a certain portion of State Highway Legislative Route No. 46192-1, situate wholly within the boundaries of the Township of New Hanover, Montgomery County, Pennsylvania, the said portion to be abandoned extending in length from a point designated as S.L.D. Station 74+00 in line of lands owned by W. S. Gilley abutting said highway on its Northern side and in line of lands owned by James J. and Mary Moore abutting said highway on its Southern side unto another point designated S.L.D. Station 84+92 in line of lands owned by William Gregor abutting said highway on its Northern side and in line of lands owned by James J. and Mary Moore abutting said highway on its Southern side, for a total distance of 0.2068 miles;

AND WHEREAS, the said portion of said State Highway Legislative Route No. 46192-1 is about to be relocated by the Secretary of Highways of the Commonwealth of Pennsylvania and relocated or new route will supply and take the place of the abandoned part of the old highway route proposed to be abandoned, and such abandoned part being of a length of less than two miles and such abandoned part being unnecessary for public use and travel and likely to become burdensome and dangerous, and the aforementioned owners of the properties abutting on the part proposed to be abandoned being given convenient access to the new or relocated highway:

THEREFORE, BE IT, AND IT HEREBY IS, RESOLVED by the Board of Supervisors of the Township of New Hanover, Montgomery County, Pennsylvania, that it is their desire and intention that the

This resolution covers the portion of Moyer Road where a bend was removed, and not the section which junctions with Rt. 663 (Layfield Road) per Allen G. Renninger, January 10, 1978.

Exhibit B #2

WHEREAS, the Department of Highways of the Commonwealth of Pennsylvania proposes to abandon a certain portion of State Highway Legislative Route No. 46192-1, situate wholly within the boundaries of the Township of New Hanover, Montgomery County, Pennsylvania, the said portion to be abandoned extending in length from a point designated as S.L.D. Station 74+00 in line of lands owned by W. S. Gilley abutting said highway on its Northern side and in line of lands owned by James J. and Mary Moore abutting said highway on its Southern side unto another point designated S.L.D. Station 84+92 in line of lands owned by William Gregor abutting said highway on its Northern side and in line of lands owned by James J. and Mary Moore abutting said highway on its Southern side, for a total distance of 0.2068 miles;

AND WHEREAS, the said portion of said State Highway Legislative Route No. 46192-1 is about to be relocated by the Secretary of Highways of the Commonwealth of Pennsylvania and relocated or new route will supply and take the place of the abandoned part of the old highway route proposed to be abandoned, and such abandoned part being of a length of less than two miles and such abandoned part being unnecessary for public use and travel and likely to become burdensome and dangerous, and the aforementioned owners of the properties abutting on the part proposed to be abandoned being given convenient access to the new or relocated highway:

THEREFORE, BE IT, AND IT HEREBY IS, RESOLVED by the Board of Supervisors of the Township of New Hanover, Montgomery County, Pennsylvania, that it is their desire and intention that the

Exhibit C

**Exhibit C**



# NEW HANOVER TOWNSHIP
## MUNICIPAL BUILDING

2945 N. CHARLOTTE ST., GILBERTSVILLE, PENNSYLVANIA, 19525-9718
TELEPHONE: (610) 323-1008    FAX: (610) 323-5173
www.newhanover-pa.org

June 12, 2015

Jean B. Finer
431 Moyer Road
Pottstown, PA. 19464

Re: Grandview Boulevard

Dear Ms. Finer,

As a result of you denying the township access or use of your portion of Grandview Boulevard, the township has decided that in the future, the township will no longer be maintaining or repairing any portion of Grandview Boulevard. As a result, township maintenance vehicles would not be able to safely exit this roadway by backing out onto N. Charlotte St., thus creating unsafe working condition for township road employees. Research has shown that the township has gone above and beyond over the years by maintaining a safe roadway including snow removal. With this in mind, the township will no longer plow snow or repair any other roadway issues which may arise, including future stormwater issues.

By not allowing township vehicles to exit onto Moyer Road, this leaves the township will no other viable option for the continued maintenance of this roadway. To safely exit Grandview Boulevard, township vehicles would have to exit on your portion of Grandview Boulevard. The decision made also will affect your adjoining neighbors as well.

The township has considered our options and the most logical conclusion is to abandon the roadway as we have no legal obligation to maintain it, and will not maintain a private or partially private roadway when we are not allowed access. The township has in good faith maintained this section of roadway and been performing the property maintenance of this roadway for years, without having ever owned this roadway.

Please be aware that your adjoining neighbors will also be notified of this decision, and it is hoped that they too will be understanding of this matter.

Thank you in advance for your cooperation in this matter. Should you have any questions regarding this letter, please do not hesitate to contact me.

Respectfully,

Kevin R. Tobias
Township Manager

Exhibit D



New Hanover Township

Roads, Subdivisions, and
Open Space Map
Map Created 7/14/2017

Legend

**Roads**

— County Roads Maintained By New Hanover Township

— Township Roads

— State Roads

— County Roads

— Private Streets

— To Be Determined

**Subdivisions**

Pending, Proposed, or Under Construction

Built

**Open Space**

County Parks

NHT Parks and Open Space

Exhibit E



Exhibit E



Exhibit F



**ALL COUNTY AND ASSOCIATES, INC.**
1-800-220-9165

P.O. BOX 472                    P.O. BOX 242
ST. PETERS, PA 19470           OLEY, PA 19547
(610) 469-3830                 (610) 987-9165
(610) 469-6385 (FAX)           (610) 987-9787 (FAX)

April 13, 2015

Jean Finer
431 E. Moyer Rd.,
Pottstown, PA 19464

RE:   **Letter of Certification – Boundary Survey**
      **431 E. Moyer Rd., Pottstown, PA 19464**
      **New Hanover Township, Montgomery County, PA**

Dear Mrs. Finer:

    I hereby certify that on or about April 1, 2015, a Boundary Survey was conducted at the above referenced property by and under the supervision of All County and Associates, Inc. Property corner monumentation was found/set and verified in accordance with standard surveying procedures.

    The standard of practice used for this procedure is in accord with Section 6 (Monumentation) of the manner of practice for professional land surveyors in the Commonwealth of Pennsylvania adopted by the Pennsylvania Society of Land Surveyors on July 10, 1998.

Very truly yours,

William J. Izzo, PLS
All County and Associates, Inc.

wji/skm

cc: file

-21-

Exhibit F



Exhibit F



Exhibit G



ALL THAT CERTAIN lot or piece of ground Situate in the Township of New Hanover, County of Montgomery and State of Pennsylvania, bounded and described according to a Plan of Survey of David Meixner, Registered Surveyor, as follows, to wit:

BEGINNING at a point in the bed of Old Moyers Road at the intersection of the property line between lands now or late of Josiah Buchert and within described tract of ground and the Northeasterly side of New Moyers Road North 54 degrees 14 minutes West 30.42 feet to a point; thence along Lot No. 8; North 35 degrees 46 minutes East 395.00 feet to an iron pin; thence along Plot "S" South 54 degrees 14 minutes East 111. 50 feet to an iron pin; thence along property of now or late Josiah Buchert South 47 degrees 22 minutes West, 403. 32 feet to a point and place of beginning.

ALSO ALL THAT CERTAIN tract or parcel of land with buildings thereon erected, Situate in the Township of New Hanover, County of Montgomery and Commonwealth of Pennsylvania, bounded and described as follows:

BEGINNING at an iron pin on the North side of the public road known as Moyers Road at a distance of 724.8 feet South 53 degrees 53 minutes East from the point of beginning in the warranty deed Clyde W. Bannon and Sarah C. Bannon, his wife, to Willard S. Gilley and Jane C. Gilley, his wife, dated June 28, 1948 and recorded July 2, 1948, in the Recorders Office of Montgomery County, Pennsylvania in Deed Book 1930 page 100 running thence North 36 degrees 7 minutes East, 250 feet to a point; thence South 53 degrees 53 minutes East, 100 feet to a point; thence South 36 degrees 7 minutes West, 250 feet to a point in the North line of said Moyers Road, which point is also with the intersection which the Old Road so called, makes with said Moyers Road; thence by the North line of said Moyers Road North 53 degrees 53 minutes West 100 feet to the place of beginning.

TOGETHER being House No. 431 Moyer Road.

BOTH BEING ASSESSMENT PARCEL NO. 47-00-05204-00-5.

BOTH BEING the same premises which Jean E. Brown A/K/A Jean Brown-Finer, A/K/A Jean B. Finer, by Indenture bearing dated 04/22/1999 and recorded on 05/03/1999 in the Office of the Recorders of Deeds in and for the County of Montgomery in Deed Book No. 5269 page 1405, etc., granted and conveyed unto Jean B. Finer, her heirs and assigns, in fee.

Case# 2019-01908-32 Docketed at Montgomery County Prothonotary on 06/11/2020 9:35 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania. Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Plaintiff's Complaint.  Therefore, same are denied, and Answering Defendant demands strict proof thereof at trial.

      6.     Admitted.

      7.     Denied.  To the extent that the averments found in Paragraph 7 of Plaintiff's Complaint reference the last recorded deed of the subject property, the deed is in writing and speaks for itself.  Any characterization of the aforementioned deed is specifically denied.  By way of further answer, it is specifically denied that Plaintiffs are the owners of the subject property.

      8.     Denied.  It is specifically denied that Plaintiffs own a driveway that runs from Moyer Road to Grandview Lane.

      9.     Admitted in part; denied in part.  It is specifically denied that Co-Defendant William Bailey owns any portion of Grandview Avenue, as averred in Paragraph 9 of Plaintiff's Complaint.  Grandview Avenue is a public road owned and maintained by Answering Defendant.

      10.     Admitted in part; denied in part.  It is admitted that vehicles travel on Grandview Avenue.  The remaining allegations are specifically denied, as Grandview Avenue is not private property.

      11.     Denied.  The copy of Plaintiffs' deed attached to their Complaint as Exhibit B is in writing, speaks for itself and any characterization of same is expressly denied.  It is specifically denied that, at all times relevant hereto, the subject driveway was deemed a private property.  The remaining allegations set forth in Paragraph 11 of Plaintiffs' Complaint are denied as conclusions of law.